LEEPER v. HUNKIN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6331. Decided April 12, 1926

787. MORTGAGES—Assignee free from laches, having purchased mortgage for value when there was nothing on record to advise him of existence of other mortgages, is entitled to priority under recording statutes. (14 OS. 396, limited and discussed.)

MAUCK, P. J.

This is a case in foreclosure, the controversy being between Edward W. Leeper and Guiseppe Cherubini, each claiming to have the second mortgage on the premises under foreclosure. The two mortgages were executed on May 20, 1921; the one to Williamson sold by him to Leeper; the other directly to Cherubini. Leeper's mortgage was recorded May 2, 1921 and the Cherubini mortgage on May 26th. The Cherubini mortgage was for part payment of the property in foreclosure, which was conveyed by Cherubini to the mortgagor contemporaneously with the execution of the mortgage. The mortgage under which Leeper claims was admittedly transferred to him May 24, for a valuable consideration by the mortgagee thereof, and without notice by Leeper of the existence of Cherubini's mortgage.

It is admitted that Williamson, the mortgagee from whom Leeper purchased, had knowledge of Cherubini's mortgage, and the only fair inerence is that he took his mortgage with knowledge of the fact that Cherubini's mortgage was then in existence. While it is now admitted that Leeper took the note secured by the mortgage bona fide, for a valuable consideration, and holds the same with all the rights attaching to an innocent purchaser of such an instrument, it is argued that an innocent purchaser for value of a mortgage acquires no rights in the mortgage superior to those of a purchaser who buys after

maturity, or with full knowledge of any existing defenses, and that this rule should not only avail the mortgagor, but another lien holder. To support this doctrine reliance is had on 14 OS. 396. The Court of Appeals held:

1. The case cited (14 OS. 396) was to a large extent a pioneer case when decided, various views were stated by the various state courts, until U. S. Supreme Court in 16 Wall. 275 criticised 14 OS. 396 and pointed out as the mortgage was a mere accessory to the debt which it secured, it was as impregnable to attack as the debt itself.

2. Although the Supreme Court of this state has not reversed this case, there is an evident purpose shown in the reports to not extend the doctrine further than the facts disclosed in that opinion.

3. The Supreme Court refused to apply this doctrine to a mortgage of a railroad company, holding that it would be unreasonable to require the bona fide holder of a railroad bond to inquire into the undisclosed equities of the mortgagee railroad company. 55 OS. 23.

4. A purchaser in good faith of a negotiable note secured by a mortgage, does not take the mortgage subject to equities existing in favor of third persins, even if it is taken subject to the equitable defenses existing in favor of the mortgagor. (Note, the above from 160 Ill. 193 was cited in 78 OS. 162, another case which limits the scope of 14 OS. 396.)

5. Following the trend of authority, and as 14 OS. 396 is limited to the particular facts in that case which do not coincide here, the judgment is for Leeper and the cause remanded to the Cuyahoga Common Pleas for execution.

Judgment accordingly.

(Sayre & Middleton, JJ., concur.)

Attorneys—Bartholomew, Leeper & McGill for Leeper; A. F. Counts, for Hunkin et; all of Cleveland.